**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Morgan Colantuone, *on behalf of herself and others similarly situated in the proposed FLSA Collective Action,*

                                    *Plaintiff,*

    - against -

NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center),

                                    *Defendant.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

      Plaintiff Morgan Colantuone ("Plaintiff" or "Colantuone"), on behalf of herself and others similarly situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself and upon information and belief as to others, brings this complaint against Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

      2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF MORGAN COLANTUONE**

6. Plaintiff Colantuone was employed as a nurse at Defendant's hospital and medical services and care facility located at 506 Lenox Ave, New York, NY 10037 ("Harlem Hospital Center") from on or around July 2023 through and including November 2, 2023.

7. Plaintiff Colantuone was, and still is employed as a non-managerial manual worker at Harlem Hospital Center from on or around July 2023 through and including November 2, 2023.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT NYC HEALTH AND HOSPITAL CORP. (D/B/A HARLEM HOSPITAL CENTER)**

10. Upon information and belief, Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) is a domestic corporation organized and existing under the laws of the

State of New York. Upon information and belief, it maintains its principal place of business at 506 Lenox Ave, New York, NY 10037.

11. Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) owns, operates and/or controls a hospital and medical services and care facility known as "Harlem Hospital Center" located at 506 Lenox Ave, New York, NY 10037.

12. At all times relevant to this Complaint, Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15. Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16. Defendant NYC Health and Hospital Corp. (d/b/a Harlem Hospital Center) had

the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

17. Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

18. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

19. Plaintiff Colantuone was employed as a nurse at Harlem Hospital Center from on or around July 2023 through and including November 2, 2023.

20. Defendant's hospital and medical services and care facility operate on a 24-hour, 7 day a week basis.

21. From July 2023 to, through and including, August 14, 2023, Colantuone regularly worked three (3) days per week, as follows: from approximately 7:30 a.m. to 8:00 p.m. (*i.e.,* approximately 12.5 hours each day); for a total period of approximately 37.5 hours during each of the weeks, respectively.

22. From August 15, 2023 to, through and including, the November 2, 2023, Colantuone regularly worked three (3) days per week, as follows: from approximately 7:30 p.m. to 8:00 a.m. (*i.e.,* approximately 12.5 hours each day); for a total period of approximately 37.5 hours during each of the weeks, respectively.

23. From July 2023 to, through and including, November 2, 2023, Colantuone was paid at or around $30 per hour.

24. At all relevant times, Defendant had a policy and practice commonly known as "time shaving". Specifically, from, Defendant would only pay Plaintiff, and all other similarly

4

situated individuals, for some – but not all hours worked, by deducting thirty (30) minutes each day from Plaintiff's, and all other similarly situated individuals', daily shift for a purported break, despite the fact that no break was taken.

25. The standard form on which employees write down their hours contained entries to track the actual time spent on break.

26. However, Plaintiff, and all other similarly situated individuals, were forced to add up their hours as if they had taken a thirty (30) minute break each day – regardless of whether or not they took a break.

27. If they did not report the break, then Defendant would reject Plaintiff's, and all other similarly situated individuals', time sheets.

28. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

29. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

30. Defendant did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

31. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

32. Moreover, the breach of the obligations injured Plaintiff by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to nurses) employed by Defendant on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

34. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules of "time shaving". These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

35. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

36. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

37. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

38. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

39. Defendants have failed to make a good faith effort to comply with the FLSA with

respect to compensation of Plaintiff.

40. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

41. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

42. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

43. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

44. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

45. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46. The NYLL and the WTPA require employers to provide all employees with a

written notice of wage rates at the time of hire.

47. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

48. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

49. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

50. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

51. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

f. declaring that Defendant violated the timely pay provisions of the NYLL;

g. awarding Plaintiff unpaid minimum wages;

h. awarding unpaid wages under New York State law for failure to pay timely wages;

i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

k. awarding Plaintiff pre- and post-judgment interest under the NYLL;

l. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m. Such other relief as this Court deems just and proper.

Dated: New York, New York
      January 11, 2024   Respectfully submitted,

By: /s/ Jason Mizrahi
Jason Mizrahi, Esq.
Joshua D. Levin-Epstein, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*